## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD MASCIO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 08-1028 |
| ) | |
| EDDIE JONES, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is presently before the Court on Petitioner, Donald Mascio's ("Mascio"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth herein, Mascio's § 2254 Petition is TRANSFERRED without any ruling on the merits of the Petition or other pending motions.

### Background

In 2007, Mascio was convicted of robbery in the Circuit Court of Cook County, Illinois, which is located within the Northern District of Illinois.  He was sentenced to three years' imprisonment.  Mascio is presently incarcerated in the Pontiac Correctional Center in the Central District of Illinois and filed the present § 2254 Petition in this district.

A §2254 Petition:

> [M]ay be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. §2241(d).  Accordingly, both the Northern and Central Districts of Illinois have jurisdiction over this action.  "[T]he district court for the district wherein such an application

is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d).

Although Mascio is incarcerated in the Central District of Illinois, he was convicted and sentenced in the Northern District of Illinois. His present claims that his right to be free from double jeopardy was violated when he was sentenced to two concurrent terms arising from one single incident and that he has been denied due process and equal protection of law because "the legislative public act 80-1099 under which his sentencing structure was extapilated [sic] and imposed from is a blatant form of age/gender discrimination" implicate his original conviction and sentence in the Northern District. Thus, the Court finds that the Northern District of Illinois is a more convenient forum for the hearing and determination of this habeas corpus action, particularly because the records of Mascio's criminal proceedings may be found there, as may any witnesses and other participants in such proceedings. Accordingly, this Court TRANSFERS this matter to the Northern District of Illinois without addressing any of the pending motions, and proceedings in this District are terminated.

ENTERED this 25th day of January, 2008.

                                                         s/ Michael M. Mihm
                                                       Michael M. Mihm
                                                       United States District Judge